S osman, J.
Plaintiff John Robinson has brought the present action against his former employer alleging handicap discrimination and a violation of G.L.c. 152, §75B. Defendants have moved for summary judgment on the grounds that the handicap discrimination claim is barred due to plaintiffs failure to file a timely administrative complaint and that there is no independent cause of action for handicap discrimination under G.L.c. 152, §75B(1). For the following reasons, defendants’ motion is ALLOWED.
Facts
Robinson began working for defendant Electro Sales Co. (“Electro”) in 1991. Prior to his employment at Electro, Robinson had sustained a job-related back injury which left him partially disabled. Notwithstanding his alleged disability, Robinson worked for Electro for almost five years. His last position at Electro was that of shipper/receiver.
On July 19, 1996, Robinson was fired. The reasons given for his termination were communicated to him orally and then confirmed in a letter from defendant Stewart Berg, the President of Electro. Berg’s letter indicated that Robinson was being fired because of excessive unauthorized leave of absence, arguments with fellow employees, failure to follow supervisors’ instructions, tardiness, failure to abide by company rules, and failure to work a forty-hour week.
On September 27, 1996, Robinson filed a charge of discrimination against Electro with the MCAD. The bases for the alleged unlawful discrimination were listed as “race and color.” The section reciting the factual basis for the claim read as follows:
On 7/19/96, Electro Sales Co., Inc. terminated my employment because of my race and color (black) in violation ofM.G.L.c. 151B, §4(1) and Title VII. On 7/19/96, Stewart Berg, President, called me in the office and told me that I was to be terminated for unauthorized leave of absence, arguments with fellow employees, failure to follow directions, tardiness, failure to work a 40 hour week. I believe that all these reasons are not only pretextual but untrue. To the extent that I argued with any employee, others have engaged in similar behavior with impunity. Even the President argued with the Vice President on a daily basis and once even came to blows and knocked each other to the ground. I’ve never been out on an unauthorized leave or excessively tardy and is comparable to other employees’ records. I was the only black employee in my department and have always been treated differently. I’ve been working there for almost 5 years and believe that I was terminated because I’m black male.
On March 19, 1997, Robinson filed an amendment to his MCAD complaint and a request to remove his complaint so as to pursue a civil action in court. The *172 amendment to his complaint added a claim for handicap discrimination based on the following:
Mr. Robinson states that he has had a chronic back problem (severe recurrent back pain) that was caused by a previous on the job injury. This condition was exacerbated by his job at respondent. Respondent failed to reasonably accommodate the disability by giving Robinson time off or light duty. He was discharged due to his medical condition.
On April 11, 1997, the MCAD allowed the amendment to Robinson’s complaint to include his claim of handicap discrimination. On April 25, 1997, the MCAD dismissed the complaint so that Robinson could pursue his private right of action.
On August 11, 1997, plaintiff filed the present action in this court. His complaint alleges that his prior back injury left him with a permanent partial disability, that he was capable of performing the functions of his position at Electro with reasonable accommodation for that disability, that Electro refused to provide reasonable accommodation, and that he was discharged due to Electro’s failure to provide reasonable accommodation. The complaint before this court did not allege any discrimination on account of race.
Discussion
I. G.L.c. 151B
In order to bring an action for employment discrimination under G.L.c. 151B, §9, plaintiff must file an administrative complaint with the MCAD within six months after the alleged act of discrimination. G.L.c. 151B, §§5, 9; Serini v. Star Sportswear Manufacturing Corp., 24 Mass.App.Ct. 428, 430 (1987). In the present case, Robinson filed an administrative complaint within six months of his discharge, but that complaint only alleged race discrimination, not handicap discrimination. His complaint was later amended to add a claim of handicap discrimination, but that amendment was not filed until eight months after his termination. Plaintiff argues that his amendment relates back to the date of his original filing. Defendants contend that the amendment does not relate back because it does not relate to or arise out of the original complaint.
The MCAD’s rules allow for amendments to allege “additional acts constituting unlawful discriminatoiy practices related to or arising out of the subject matter of the original complaint,” with those amendments then relating back to the original filing date. 804 C.M.R. §1.03(5)(a). Where, as here, the MCAD has allowed an amendment, the court is not bound by that administrative ruling but rather may make its own assessment of whether an agency filing was timely and whether any amendments to a timely filing should relate back to the original filing date. Conroy v. Boston Edison Co., 758 F.Sup. 54, 57 n.4 (D.Mass. 1991). Thus, this court may make its own determination of whether Robinson’s March 1997 amendment alleging handicap discrimination should or should not relate back to his September 1996 complaint of race discrimination.
Courts have articulated various ways in which a later amendment can “relate to” or “arise out of’ the charge originally filed. Sometimes the protected categories are themselves related (e.g., race and national origin) such that a complaint of discrimination on the originally identified basis would at least suggest discrimination on the other later asserted basis. Another way in which the two claims may be “related” is that their underlying facts are the same. Courts have also considered, in light of the investigatory and conciliatory purposes underlying the administrative filing requirement, whether the amended claim would reasonably have been uncovered, investigated and potentially conciliated as part of the investigation of the claim as filed. See Conroy, 758 F.Sup. at 58, and cases cited therein.
Claims of discrimination stemming from entirely different bases are not normally viewed as related claims. See Pejic v. Hughes Helicopters, Inc., 840 F.2d 667, 675 (9th Cir. 1988) (amendment adding charge of age discrimination did not relate back to originally filed charge of sex discrimination); EEOC v. Mississippi College, 626 F.2d 477, 483-84 (5th Cir. 1980) (race discrimination claim not related to sex discrimination claim), cert. denied, 453 U.S. 912 (1981); Rizzo v. WGN Continental Broadcasting Co., 601 F.Sup. 132, 135 (N.D. Ill. 1985) (sex discrimination claim did not relate back to earlier filed claim of age discrimination). But see Caldwell v. Federal Express Corp., 908 F.Sup. 29 (D. Me 1995) (amendment alleging age discrimination allowed to relate back to original charge alleging sexual harassment where administrative investigation had also addressed the issue of age discrimination).[1] Here, the two bases of discrimination alleged are totally unrelated. Handicap discrimination does not, in any sense, overlap with or flow from race discrimination. An accusation of race discrimination would not suggest any likelihood that the complainant was handicapped, let alone suggest that the adverse employment decision was the product of the employer’s failure to provide reasonable accommodation for that employee.
Focusing on the factual recitation in Robinson’s original MCAD charge, there is not so much as a whiff of anything having to do with handicap discrimination. There is no mention of any back problem or injury. Nowhere did the charge suggest that any absence, tardiness, or failure to work a full week was justifiable due to injury or illness. Nowhere did his charge allege that he had asked for leave, or for an alteration in his work schedule, that was refused (i.e., nothing that would suggest that Electro had unreasonably or unfairly denied him some form of requested accommodation) . In his original charge, Robinson claimed that the company’s allegations about his unauthorized leave of absence, tardiness and failure to work a foriy-hour week were simply “untrue,” that he had “never been out on an unauthorized leave or excessively tardy,” and that his attendance record was “comparable to other employees’ records.” Those factual assertions *173 not only fail to suggest any disability or need for accommodation in his schedule, but would indeed be directly contrary to such a claim.[2] The charge as originally filed would not, on even the most liberal reading, cause one to suspect that plaintiff may have had a disability or that he may have been refused accommodation.
For the same reason, it would not be expected that any investigation of Robinson’s claim of race discrimination would uncover handicap discrimination. For the reasons discussed above, the factual recitation in Robinson’s original charge would not make even the most seasoned investigator suspicious of possible handicap discrimination. Moreover, the two types of discrimination are themselves so different, and indeed have such different elements, that investigation of one would be highly unlikely to pick up on the other. In other words, an investigator looking for disparate treatment of blacks, or for expressions of racial animus or hostility, will not be investigating whether a particular black complainant needs “accommodation.” The concept of “reasonable accommodation,” which is at the heart of plaintiffs present handicap discrimination claim, is nonexistent in any analysis of a claim of race discrimination.
Plaintiff argues that, because his original MCAD complaint and the amended complaint both involved his discharge, any investigation of that discharge would uncover whatever kind of discrimination had prompted it. This interpretation would make it unnecessary for a complainant to even identify what the alleged basis for discrimination was. Where, as here, the two bases for the alleged discrimination are completely separate and the factual recitation in the original charge contains not the slightest hint of handicap discrimination, the fact that the two charges pertain to the same adverse employment decision does not suffice for purposes of relation back.
Finally, as in Conroy, an amendment that is made immediately prior to commencement of a court action should be viewed with some skepticism, as it is “likely an attempt to avoid the filing requirements.” 758 F.Sup. at 58. Robinson’s amendment adding a claim of handicap discrimination was submitted simultaneously with his request to proceed with a private action. Particularly where his complaint filed with this court does not even allege race discrimination, the amendment claiming handicap discrimination appears to be an attempt to substitute an entirely new theory of discrimination (both factual and legal) after the administrative filing deadlines had run.
Accordingly, this court is satisfied that the amendment of Robinson’s administrative claim does not relate back to the date of filing of his original charge and that his present claim of handicap discrimination is therefore time barred.
II. G.L.c. 152, §75B
Robinson also claims that he has a cause of action for “violation” of G.L.c. 152, §75B. Under G.L.c. 152, §75B(1), a worker injured on the job who can perform the essential functions of the job, or who could do so with reasonable accommodation, is deemed to be a “qualified handicapped person” under G.L.c. 151B. Nothing in §75B(1) gives rise to some additional cause of action for handicap discrimination. It merely cross-references the employment discrimination statute and specifies that injured workers will, if they are capable of performing the essential functions of their jobs, be protected by the statute prohibiting handicap discrimination in the workplace. It does not create any rights or remedies independent of those set forth in G.L.c. 15 IB, and it certainly does not provide a means of avoiding the administrative filing requirements of G.L.c. 151B.
G.L.c. 152, §75B(2) prohibits retaliation against workers for having exercised their rights under the workers’ compensation statute and gives victims of such retaliation the right to file an action in Superior Court to recover lost wages, injunctive relief, and attorneys fees. Plaintiffs complaint does not allege any filing of a workers’ compensation claim or any other protected conduct, nor does it allege any form of retaliation. In his opposition papers, plaintiff acknowledges that he is not bringing any claim under §75B(2).
Accordingly, plaintiffs claim for “violation” of §75B fails to state a claim.
ORDER
For the foregoing reasons, defendants’ motion for summary judgment is ALLOWED and it is hereby ORDERED that judgment be entered dismissing plaintiffs complaint.

Plaintiff cites to Carter v. Commissioner of Correction, 43 Mass.App.Ct. 212 (1997), in support of the proposition that differing bases of discrimination may nevertheless relate to one another. Carter involved an amendment alleging retaliation for having filed the original charge. By definition, a claim that one has been retaliated against for having filed the original charge “relates to” and "arises out of' that original charge, and defendant in Carter did not argue otherwise. 43 Mass.App.Ct. at 219. Indeed, Carter itself noted extensive federal authority for the proposition that claims of retaliation for having filed a charge do not require their own administrative filing before they may be pursued in court. 43 Mass.App.Ct. at 218. Nothing in Carter supports the argument that a claim of handicap discrimination relates to or arises out of a claim of race discrimination.

In other words, an assertion of “I was never late” is inherently inconsistent with the assertion that “I was late on account of my back problems.” An assertion that “I have not taken unauthorized leave of absence” is inconsistent with the assertion that “I took unauthorized leave of absence due to my back problems and my employer was unfair in not approving that leave." An assertion that “I work the same amount as the other employees” is inconsistent with the assertion that “I can’t work the same as everyone else because of my back problems."